1   JAMES V. FITZGERALD, III (State Bar No. 55632)
    NOAH G. BLECHMAN (State Bar No. 197167)
2   AMY S. ROTHMAN (State Bar No. 308133)
    McNAMARA, NEY, BEATTY, SLATTERY,
3   BORGES & AMBACHER LLP
    1211 Newell Avenue
4   Walnut Creek, CA 94596
    Telephone: (925) 939-5330
5   Facsimile:  (925) 939-0203

6   Attorneys for Defendants
    CITY OF PLEASANTON, PLEASANTON POLICE
7   DEPARTMENT, DANIEL KUNKEL, ERIC GORA, MARK
    SHELDON, TYLER PAULSEN, BRADLEY PALMQUIST,
8   and OFFICER BENNETT

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  THE ESTATE OF JOHN DEMING, JR.;        Case No.   C16-2964
    and JOHN DEMING, SR. and LINDA
13  STASI, individually, and as successors-in-   **DEFENDANTS' NOTICE OF REMOVAL
    interest and wrongful death heirs to         OF ACTION UNDER 28 U.S.C. § 1441(B)
14  DECEDENT JOHN DEMING, JR.,                   TO U.S. DISTRICT COURT, NORTHERN
                                                 DISTRICT OF CALIFORNIA**
15                 Plaintiffs,

16         vs.
                                                 **(FEDERAL QUESTION)**
17  CITY OF PLEASANTON;
    PLEASANTON POLICE DEPARTMENT;
18  DANIEL KUNKEL, an individual and
    officer; ERIC GORA, an individual and
19  officer; MARK SHELDON, an individual
    and officer; TYLER PAULSEN, an
20  individual and officer; BRADLEY
    PALMQUIST, an individual and officer;
21  OFFICER BENNETT, an individual and
    officer; and DOES 1 through 50, inclusive,
22
                   Defendants.
23

24  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25         PLEASE TAKE NOTICE that Defendants CITY OF PLEASANTON, PLEASANTON

26  POLICE DEPARTMENT, DANIEL KUNKEL, ERIC GORA, MARK SHELDON, TYLER

27

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  PAULSEN, BRADLEY PALMQUIST and OFFICER BENNETT hereby remove to this Court
2  the state court action described below.

3       On April 4, 2016, an action was commenced in the Superior Court of the State of
4  California in and for the County of Alameda, entitled THE ESTATE OF JOHN DEMING, JR.;
5  and JOHN DEMING, SR. and LINDA STASI, individually, and as successors-in-interest and
6  wrongful death heirs to DECEDENT JOHN DEMING, JR. (Plaintiffs) vs. CITY OF
7  PLEASANTON; PLEASANTON POLICE DEPARTMENT; DANIEL KUNKEL, an individual
8  and officer; ERIC GORA, an individual and officer; MARK SHELDON, an individual and
9  officer; TYLER PAULSEN, an individual and officer; BRADLEY PALMQUIST, an individual
10  and officer; OFFICER BENNETT, an individual and officer; and DOES 1 through 50, inclusive
11  (Defendants), as Case Number RG16810047.  Attached hereto as **Exhibit A** is a copy of the
12  summons served on Defendants in this state action, along with a Notice and Acknowledgement
13  and Receipt by Defendants (other than Pleasanton Police Department, see Footnote 1, below).
14  Attached hereto as **Exhibit B** is a copy of the Complaint served on Defendants in this state action,
15  via the Notice and Acknowledgement of Receipt.

16       Defendants now provide timely notice of removal of this action per 28 U.S.C. §§ 1446
17  and 1441(c).

18                             **GROUNDS FOR REMOVAL**

19       This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331
20  (federal question), and is one which may be removed to this Court by Defendants pursuant to the
21  provisions of 28 U.S.C. § 1441(c), in that Plaintiffs' First through Fifth Causes of Action in their
22  Complaint arise under the U.S. Constitution.  Specifically, Plaintiffs' contend that Defendants
23  violated the First, Fourth and Fourteenth Amendments of the U.S. Constitution by "subjecting the
24  decedent to excessive force when they shot and killed him."  (Exh. B, ¶ 47 (First Cause of
25  Action)).  Similarly, Plaintiffs allege additional claims pursuant to the U.S. Constitution in the
26  other various causes of action, namely the Second through Fifth Causes of Action.  (Exh. B, ¶¶
27  60-61, 67, 76, 81).  As Plaintiffs have alleged federal claims pursuant to the U.S. Constitution, the
28  Court has original jurisdiction under 28 U.S.C. § 1331 and removal is proper.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) TO U.S. DISTRICT CT

1   Defendants are unaware of any other defendants who have been served with a Summons
2   and the Complaint and thus no joinder to this removal is necessary.  The undersigned will be
3   representing the CITY OF PLEASANTON, PLEASANTON POLICE DEPARTMENT,[1]
4   DANIEL KUNKEL, ERIC GORA, MARK SHELDON, TYLER PAULSEN, BRADLEY
5   PALMQUIST, and OFFICER BENNETT.  Plaintiffs are represented by counsel from Geragos &
6   Geragos, APC.

7

8   Dated:  June 1, 2016          MCNAMARA, NEY, BEATTY, SLATTERY,
9                                 BORGES & AMBACHER LLP
10
11                               By: _____
                                      James V. Fitzgerald, III
12                                    Noah G. Blechman
                                      Amy S. Rothman
13                                    Attorneys for Defendants
                                      CITY OF PLEASANTON, PLEASANTON POLICE
14                                    DEPARTMENT, DANIEL KUNKEL, ERIC GORA,
                                      MARK SHELDON, TYLER PAULSEN, BRADLEY
15                                    PALMQUIST, and OFFICER BENNETT
16
17
18
19
20
21
22
23
24
25
26
27
28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

---

[1] Counsel for Plaintiffs have agreed to dismiss the Pleasanton Police Department as they are a duplicative defendant with the City of Pleasanton.

3

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) TO U.S. DISTRICT CT

# EXHIBIT A

**COPY**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*   **BY FAX**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 04 2016

CLERK OF THE SUPERIOR COURT
By_____**MARISOL DIAZ**_____
                                    Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF PLEASANTON; PLEASANTON POLICE DEPARTMENT;
[see attached SUM-200(A) form]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THE ESTATE OF JOHN DEMING, JR.; [see attached SUM-200(A)
form]

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  René C. Davidson Courthouse

CASE NUMBER:
*(Número de Caso):*  RG16810047

1225 Fallon Street
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark J. Geragos, Geragos & Geragos, APC, 644 S. Figueroa St., Los Angeles, CA 90017 Ph.: (213)625-3900

DATE:   APR 04 2016                    Clerk, by   **MARISOL DIAZ**                    , Deputy
*(Fecha)*                              *(Secretario)*                                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **City of Pleasanton**

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP416.50 Public Entity
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Deming, et al. v. City of Pleasanton, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DANIEL KUNKEL, an individual and officer; ERIC GORA, an individual and officer; MARK SHELDON, an individual and officer; TYLER PAULSEN, an individual and officer; BRADLEY PALMQUIST, an individual and officer; OFFICER BENNETT, an individual and officer; and DOES 1 through 50, inclusive.

Page 1 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-200(A)

| SHORT TITLE: Deming, et al. v. City of Pleasanton, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

and JOHN DEMING, SR. and LINDA STASI, individually, and as successors-in-interest and wrongful death heirs to DECEDENT JOHN DEMING, JR.

Page 2 of 2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

POS-015

| | POS-015 |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-625-3900   FAX NO. *(Optional)*: 213-232-3255<br>E-MAIL ADDRESS *(Optional)*: geragos@geragos.com<br>ATTORNEY FOR *(Name)*: Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al.

DEFENDANT/RESPONDENT: City of Pleasanton, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG16810047 |
|---|---|

TO *(insert name of party being served)*: Bradley Palmquist

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 2016~~ *May 19, 2016*

Ben Meiselas
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed: 5/10/16

Noah G. Blechman For Defendants
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)               ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO: 213-625-3900      FAX NO. (Optional): 213-232-3255<br>E-MAIL ADDRESS (Optional): geragos@geragos.com<br>ATTORNEY FOR (Name): Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al.

DEFENDANT/RESPONDENT: City of Pleasanton, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG16810047 |
|---|---|

TO (insert name of party being served): City of Pleasanton

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 2016~~  *May 19, 2014*

Ben Meiselas
_____                    ▶  _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other (specify):


(To be completed by recipient):

Date this form is signed: 5/10/16

Noah G. Blechman For Defendants
_____                    ▶  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-625-3900    FAX NO. *(Optional)*: 213-232-3255<br>E-MAIL ADDRESS *(Optional)*: geragos@geragos.com<br>ATTORNEY FOR *(Name)*: Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al.

DEFENDANT/RESPONDENT: City of Pleasanton, et al.

| | CASE NUMBER: |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | RG16810047 |

TO *(insert name of party being served)*: Eric Gora

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 20~~16  May 19, 2014

Ben Meiselas
_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed: 5/10/16

Noah G. Blechman for Defendants
_____    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO. 213-625-3900          FAX NO. *(Optional)* 213-232-3255<br>E-MAIL ADDRESS *(Optional)* geragos@geragos.com<br>ATTORNEY FOR *(Name)* Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS 1225 Fallon Street
MAILING ADDRESS 1225 Fallon Street
CITY AND ZIP CODE Oakland, 94612
BRANCH NAME René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al.

DEFENDANT/RESPONDENT: City of Pleasanton, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>RG16810047 |
|---|---|

TO *(insert name of party being served):* Mark Sheldon

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 2016~~ May 19, 2016

Ben Meiselas
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*


*(To be completed by recipient):*

Date this form is signed:  5/10/16

Noah G. Blechman for Defendants
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415 30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO. 213-625-3900     FAX NO. *(Optional)* 213-232-3255<br>E-MAIL ADDRESS *(Optional)*: geragos@geragos.com<br>ATTORNEY FOR *(Name)*: Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: 1225 Fallon Street |
| CITY AND ZIP CODE: Oakland, 94612 |
| BRANCH NAME: René C. Davidson Courthouse |

| PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al. |
|---|
| DEFENDANT/RESPONDENT: City of Pleasanton, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>RG16810047 |
|---|---|

TO *(insert name of party being served)*: Daniel Kunkel

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 2016~~ May 19, 2016

Ben Meiselas
_____
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed:  5/10/16

Noah G. Blechman for Defendants
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO. 213-625-3900      FAX NO. *(Optional)* 213-232-3255<br>E-MAIL ADDRESS *(Optional):* geragos@geragos.com<br>ATTORNEY FOR *(Name):* Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al.

DEFENDANT/RESPONDENT: City of Pleasanton, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>RG16810047 |
|---|---|

TO *(insert name of party being served):* Officer Bennett

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 2016~~ May 19, 2016

Ben Meiselas
_____
(TYPE OR PRINT NAME)                          ▶          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: 5/10/16

Noah G. Blecuman for Defendants
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          ▶          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark J. Geragos #108325; Ben J. Meiselas #277412<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO. 213-625-3900      FAX NO. (Optional) 213-232-3255<br>E-MAIL ADDRESS (Optional): geragos@geragos.com<br>ATTORNEY FOR (Name): Estate of John Deming, Jr.; John Deming, Sr.; Linda Stasi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Courthouse

PLAINTIFF/PETITIONER: Estate of John Deming, Jr., et al.

DEFENDANT/RESPONDENT: City of Pleasanton, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>RG16810047 |
|---|---|

TO (insert name of party being served): Tyler Paulson

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~April 22, 2016~~ May 19, 2016

Ben Meiselas
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑ A copy of the summons and of the complaint.
2. ☐ Other (specify):

(To be completed by recipient):

Date this form is signed: 5/10/16

Noah G. Blechman For Defendants
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

# EXHIBIT B

**COPY**

1
2
3
4

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

5   MARK J. GERAGOS          SBN 108325
6   BEN J. MEISELAS          SBN 277412
    ZACK V. MULJAT           SBN 304531
    Attorneys for Plaintiffs

7

**ENDORSED
FILED**
ALAMEDA COUNTY

APR 04 2016

CLERK OF THE SUPERIOR COURT
By _____ MARISOL DIAZ
                              Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ALAMEDA**

10

11   THE ESTATE OF JOHN DEMING, JR.;        CASE NO.:  RG16810047
12   and JOHN DEMING, SR. and LINDA
     STASI, individually, and as successors-in-   COMPLAINT FOR:
13   interest and wrongful death heirs to
     DECEDENT JOHN DEMING, JR.,             1. **VIOLATION OF CIVIL RIGHTS**
14                                             **42 U.S.C. §1983**
15                     Plaintiffs,          2. **VIOLATION OF CIVIL RIGHTS**
                                               **42 U.S.C. §1983 – CLAIMS OF**
16                                             **LINDA STASI**
        vs.
17                                          3. **VIOLATION OF CIVIL RIGHTS**
                                               **MONELL CLAIM**
18   CITY OF PLEASANTON;
     PLEASANTON POLICE                      4. **VIOLATION OF CIVIL RIGHTS**
19   DEPARTMENT; DANIEL KUNKEL, an             **FAMILIAL RELATIONSHIP**
     individual and officer; ERIC GORA, an
20   individual and officer; MARK           5. **VIOLATION OF CIVIL RIGHTS**
     SHELDON, an individual and officer;       **FAMILIAL RELATIONSHIP**
21   TYLER PAULSEN, an individual and          **(MONELL)**
     officer; BRADLEY PALMQUIST, an
22   individual and officer; OFFICER        6. **VIOLATION of CIVIL CODE**
     BENNETT, an individual and officer; and   **§52.1**
23   DOES 1 through 50, inclusive,
                                            7. **WRONGFUL DEATH**
24
                       Defendants.          *Unlimited Civil Jurisdiction*
25
                                            **DEMAND FOR A JURY TRIAL**
26
27
28

BY FAX

- 1 -
COMPLAINT FOR DAMAGES

1        Plaintiffs The Estate of John Deming, and Jr., John Deming, Sr. and Linda Stasi, in

2    their individual capacities and as successors-in-interest and wrongful death heirs to John

3    Deming, Jr., allege as follows:

### FACTUAL BACKGROUND

5        1.    On July 5, 2015, an unarmed 19-year-old John Deming Jr., known to friends

6    and family as "Bubba," was shot multiple times and murdered by an emotionally unstable

7    Pleasanton Police Officer named Daniel Kunkel.

8        2.    Officer Kunkel was previously relieved of his duties with the Antioch Police

9    Department after filing a lawsuit against that Department for "emotional distress," which

10   was still pending when he made the transfer to the Pleasanton Police Department in March

11   2014. The Pleasanton PD was on notice when it hired Officer Kunkel, and gave him a gun,

12   that he was suing his previous police department for emotional and mental health problems.

13       3.    Based on his emotional injuries (and pending distress lawsuit against the

14   Antioch Police Department), and pre-existing emotional stress and trauma after a career in

15   the military as a tank machine-gunner in Iraq, Officer Kunkel should not have been

16   patrolling the streets and he especially should not have been handling a weapon in the City of

17   Pleasanton, or anywhere.

18       4.    On the evening of July 5, 2015, the unarmed John Deming, Jr. posed no threat

19   to Officer Kunkel or any Pleasanton Police Officer. Toxicology reports show that John Jr.

20   was not on any drugs, medication, nor had he consumed alcohol. John Jr. was a peaceful

21   teenager, aspiring musician, and a leader at his local church group.

22       5.    On the day of the incident, John Jr. was grappling with emotional issues as he

23   was set to go off into the workforce and potentially leave his music career behind. On the

24   day of the incident, John Jr. was driving from his mother's home in San Jose to his father's

25   home in Oakdale where he would begin work. Pleasanton was in the middle of his journey,

26   and on the Fourth of July it had fireworks and a fair at the Alameda County Fairgrounds,

27   which is right next to the used car dealership where John Jr. had stopped.

28       6.    John Jr. stated to officers he was unarmed and came and in peace. Despite

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   this fact, the Pleasanton Police Department, which lacked any training in de-escalation
2   protocols and dealing with individuals with mental health issues, decided to shoot at the
3   unarmed John Jr. with tasers and beanbag guns, and release a K9 to chase John Jr. out of the
4   used car dealership where he was present.

5       7.      Before escalating force, Sergeant Eric Gora can be heard on the police issued
6   Scorpion body-cam stating that John Jr. was "fifty-one fifty," which is police officer and
7   medical code for someone having a mental health crisis.

8       8.      Rather than call for mental health intervention, the Defendant Officers gave the
9   commands and followed through on shooting at John Jr. with beanbag guns, tasers, and by
10  releasing a K9.

11      9.      John Jr. was caused to flee from the premises as he was being chased by a
12  dangerous K9 that was trying to sever his leg.

13      10.     John Jr. was flushed out the premises where a lone-officer, Officer Kunkel,
14  was waiting with his gun drawn.   According to police statements, John Jr. attempted to flee
15  and run away as he was being chased.   John Jr. posed no threat to any officers, and was
16  running for his life as he was stunned by the sudden use of beanbag guns, tasers, and a K9.
17  John Jr. was fearful for his life.

18      11.     Despite the Scorpion Body-Cam being issued to all Pleasanton Police Officers,
19  being required to be used in situations such as these, and being operational on other officers
20  during the incident, Officer Kunkel claimed to Internal Affairs that he was wearing a
21  bodycam, but that the bodycam was not turned on because he felt the bodycam distracted
22  him and that he never uses the bodycam in an operational setting.

23      12.     This statement by Officer Kunkel is the third-time Pleasanton has changed the
24  story about the existence or use of Officer Kunkel's bodycam—first telling the public that
25  there was no bodycam, then telling the public there was a bodycam but that Officer Kunkel
26  never received the bodycam, and finally Officer Kunkel's most recent excuse that he was
27  wearing the bodycam but forgot to turn it on.

28      13.     Officer Kunkel's convenient and suspicious failure to activate his bodycam, as

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 3 -

1  required by Department protocol, is all the more alarming given that none of the forensic and

2  scientific evidence of the murder of John Jr. match with Officer Kunkel's version of events.

3  Two autopsies – one performed by the Alameda Coroner and another by world-renowned

4  independent forensic pathologist Cyril Wecht – confirm that that there was no gunpowder

5  residue or "tattooing," on John Jr.'s body, meaning the shots fired by Officer Kunkel were at

6  a considerable distance and not at close range as Officer Kunkel alleges.

7      14.    Further, there is no offensive bruising on John Jr.'s hands or body which

8  directly contradicts Officer Kunkel's version of events that John Jr. was the aggressor.

9      15.    Further, other than looking "pale," and apparently having ankle injuries caused

10  by tripping over his own feet, Officer Kunkel had no injuries consistent with him being the

11  victim of anything other than his own attempts to cover-up his murder.

12      16.    The facts will show that Officer Kunkel was mentally unstable, panicked when

13  he saw John Jr. fleeing from the K9 that was chasing him, and unreasonably shot and killed

14  John Jr. without justification or privilege.

15      17.    From the 911 audio-tape and the bodycam footage that *was working* on the day

16  of the incident, we know that the entire incident, from the confrontation of John Jr. by

17  Pleasanton Officers to his murder, took place in just two minutes.  Defendants recognized

18  John Jr. was unarmed and potentially "fifty-one-fifty," according to Sgt. Gora,

19  approximately 30 seconds before his death.

20      18.    Following the murder of John Jr., the Pleasanton Police ran a trace of John Jr.'s

21  car which would have revealed he was the son of a highly regarded and award-wining

22  Reserve Oakdale Police Officer, John Deming, Sr.

23      19.    Regardless, Pleasanton Police did not call John Sr., and instead went to John

24  Jr.'s mother's home (Plaintiff Linda Stasi) in San Jose, California.

25      20.    The Pleasanton Police Department did not show Linda a warrant and

26  proceeded to hold her at gunpoint on the ground as she pled for her life.  Linda was

27  handcuffed as the Pleasanton Police raided her home and took computers and notebooks

28  belonging to John Jr.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

21.     After more than a 2-hour raid, Pleasanton Police finally told Linda for the first-time that her son was dead.  Thereafter, the Pleasanton Police issued warrants for John Jr.'s Facebook and Instagram accounts, and attempted a detention of John Jr.'s elderly grandparent, in an attempt to defame John Jr. in his death by trying to dig up potentially incriminating information about him unrelated to the incident.

22.     Further, a Pleasanton Police Sergeant had a phone call with John Sr. and told him there was bodycam footage of the incident and there would be justice for him and his family.   This was right before Pleasanton Police Public Relations Officers began holding press conferences to spread false statements about John Jr.

23.     In short, the conduct by the Pleasanton PD is a template in how not to function as a Police Department: From (1) the decision to hire Officer Kunkel at the same time he was suing Antioch Police Department for his emotional distress, (2) to the decision to escalate a non-violent interaction with an unarmed teenager who a Pleasanton Police Sergeant recognized was having a mental health issue, (3) to Officer Kunkel not producing his bodycam footage for perplexing and still unbelievable reasons, (4) to providing contradicting narratives about what took place and sticking with a murky and bizarre victim-blaming narrative at odds with the forensic evidence by two forensic pathologists, and  (5) to holding the victim's mother at gunpoint and detaining her while not disclosing her son had died – all cumulatively demonstrate that the cluster of incompetence, malice, and culture of cover-up at the Pleasanton Police Department directly lead to the death of John Jr.

## PARTIES

24.     Plaintiff John Deming, Sr. is the surviving parent, heir, and successor-in-interest to Decedent John Deming, Jr.

25.     Plaintiff Linda Stasi is the surviving parent, heir, and successor-in-interest to Decedent John Deming, Jr.

26.     At all times herein mentioned, the City of Pleasanton was a governmental entity organized and existing under the laws of the State of California.

27.     At all times herein mentioned, the Pleasanton Police Department was a

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  governmental entity organized and existing under the laws of the State of California.

2      28.    Defendant Daniel Kunkel, at all relevant times, was a police officer employed
3  by the City of Pleasanton acting under color of authority.

4      29.    Defendant Eric Gora, at all relevant times, was a police officer employed by
5  the City of Pleasanton acting under color of authority.

6      30.    Defendant Mark Sheldon, at all relevant times, was a police officer employed
7  by the City of Pleasanton acting under color of authority.

8      31.    Defendant Tyler Paulsen, at all relevant times, was a police officer employed
9  by the City of Pleasanton acting under color of authority.

10      32.    Defendant Bradley Palmquist, at all relevant times, was a police officer
11  employed by the City of Pleasanton acting under color of authority.

12      33.    Defendant Bennett, at all relevant times, was a police officer employed by the
13  City of Pleasanton acting under color of authority.

14      34.    Each of the above-mentioned officers, named herein, all collectively
15  participated in the use of force, the unlawful decision to escalate force, and/or the execution
16  and murder of John Jr.

17      35.    The true names and capacities, whether individual, department, associate or
18  otherwise sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiffs at the time
19  of filing this Complaint, who therefore sue said Defendants by such fictitious names.

20      36.    Plaintiffs are informed and believe and thereupon allege that at all times
21  mentioned herein, Defendants DOES 1 through 50, inclusive, were, and now are, the agents,
22  employees, servants, officers, and/or safety officers employed or retained by any or all
23  Defendants.

24      37.    Plaintiffs will ask leave of court to amend this Complaint to show the true
25  names and capacities of such Defendants when the same are ascertained.  Plaintiffs are
26  informed and believe, and thereupon allege, that each of the Defendants designated herein,
27  including DOES 1 through 50, are responsible in some manner for the happenings and
28  occurrences hereinafter alleged, and that such conduct was a substantial factor in causing the

1    injuries to Plaintiffs complained herein.

2    ## JURISDICTION, VENUE, AND NOTICE

3    38.    This Court has jurisdiction over the entire action by virtue of the fact that this

4    is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds

5    the jurisdictional minimum of the Court.

6    39.    This Court has jurisdiction over the parties pursuant to Code of Civil Procedure

7    section 410.10, because all parties are domiciled within the State of California.

8    40.    Pursuant to Code of Civil Procedure section 395(a), venue is proper because

9    Plaintiff's injury occurred within the jurisdiction of this Court in the County of Alameda,

10   California.

11   41.    Jurisdiction is conferred upon this court by Section 1983, of Title 42, United

12   States Code.  Concurrent jurisdiction was granted to this court under *Williams vs. Horvath*

13   (1976) 16 Cal.3d 834, 837.  Also, this Court has jurisdiction to award damages pursuant to

14   Article VI Section 10 of the California Constitution.

15   42.    Pursuant to Government Code Section 910, Plaintiffs and each of them

16   submitted a Government Tort Claim on August 26, 2015 to the appropriate City Officials.

17   There was no response.  By operation of law, the Government Tort Claim is deemed rejected

18   on October 10, 2015.  The instant action is timely brought within 6 months or 180 days from

19   the rejection by operation of law.

20   ## FIRST CAUSE OF ACTION

21   (Violation of Civil Rights 42 U.S.C. §1983)

22   (Plaintiffs Against Defendants Kunkel, Gora, Sheldon, Paulson, Palmquist, Bennett,

23   and DOES 1 through 50, inclusive)

24   43.    Plaintiffs reallege and incorporate by reference each and every allegation

25   contained in the preceding paragraphs as if fully set forth herein.

26   44.    Defendants were, at all relevant times, law enforcement officers with the City

27   of Pleasanton Police Department who were acting under color of state law.

28   45.    Plaintiffs bring this claim for relief in their capacities as the successors-in-

- 7 -
COMPLAINT FOR DAMAGES

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1 | interest and personal representatives of the decedent John Deming Jr.

2 | 46.   The foregoing claim for relief arose in decedent's favor, and decedent would

3 | have been the plaintiff with respect to this claim for relief had he lived.

4 | 47.   Defendants, acting under color of state law, deprived the decedent of rights,

5 | privileges, and immunities secured by the Constitution and laws of the United States,

6 | including those enumerated in and secured by the First, Fourth, and Fourteenth Amendments

7 | to the Constitution, by subjecting the decedent to excessive force when they shot and killed

8 | him.   The First, Fourth and Fourteenth Amendments are made applicable to the States

9 | pursuant to 42 U.S.C. §1983.

10 | 48.   The wrongful acts alleged herein above by defendant police officers were the

11 | cause of decedent's death.

12 | 49.   Each of the Defendant Officers participated in an unlawful use of force,

13 | violation of policy, and unlawful conduct causing the deprivation of decedent John Jr.'s life.

14 | 50.   Specifically, all Defendant Officers were members of the police team that was

15 | present at the used car dealership on July 5, 2015.  All Defendant Officers participated in

16 | conduct constituting unlwaful force, when confronting an unarmed teenager identified as

17 | having mental health issues who stated he "came in peace."

18 | 51.   Defendant Kunkel shot and killed the unarmed John Jr. at a distance without

19 | justification or privilege.   Defendant Kunkel violated policy and the United States

20 | Constitution by unreasonably using lethal force on John Jr.

21 | 52.   Defendant Gora led the operation within the premises, recognized and stated

22 | that he believed the unarmed John Jr. was having a mental health crisis, but ordered the

23 | escalation of force in the form of tasers, beanbags, and K9. Sgt. Gora violated policy, the

24 | United States Constitution, and acted unreasonably without any justification or privilege,

25 | when causing the escalation of the violence and force, and giving unlawful commands

26 | thereto, on the unarmed teenager leading to his death.

27 | 53.   Defendant Sheldon engaged in the unlawful use of force on John Jr., including

28 | but not limited to, unlawfully utilizing, commanding, encouraging, and releasing the K9 on

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 8 -

1   John Jr.   Defendants Palmquist, Bennett, and Paulsen each engaged in the unlawful use of

2   force including on John including but not limited to, the unlawful use of beanbag guns and/or

3   tasers on John Jr., each in violation of policy, the United States Constitution, without

4   privilege or excuse.

5       54.   As a proximate result of the foregoing wrongful acts of defendants, and each of

6   them, the decedent sustained general damages, including pain and suffering, and a loss of the

7   enjoyment of life and other hedonic damages, in an amount in accordance with proof.

8       55.   As a proximate result of the foregoing wrongful acts of defendants, and each of

9   them, Plaintiffs have lost the society and comfort of their child.

10      56.   In doing the foregoing wrongful acts, defendants, and each of them, acted in

11  reckless and callous disregard for the constitutional rights of decedent.  The wrongful acts,

12  and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the

13  award of punitive damages against each individual defendant in an amount adequate to

14  punish the wrongdoers and deter future misconduct.

15      57.   As further damage, Plaintiffs have and will incur attorneys' fees and pursuant

16  to 42 U.S.C. § 1988 are entitled to recover costs and fees in pursuing rights for a violation of

17  42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. §1983)

(Plaintiff Linda Stasi against City of Pleasanton, Pleasanton Police Department, and DOE

Defendant Officers)

22      58.   Plaintiff realleges and incorporates by reference each and every allegation

23  contained in the preceding paragraphs as if fully set forth herein.

24      59.   At all times material to this Complaint, Defendants were acting under color of

25  the law in violating Plaintiff's constitutional rights as herein alleged under the First, Fourth

26  and Fourteenth Amendments to the Constitution of the United States.  The First, Fourth and

27  Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

28      60.   Plaintiff has a constitutional right to be free from the use of excessive force by

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES CALIFORNIA 90017-3411

law enforcement officers.  Defendant caused injuries with the use of force against Plaintiff's person which was unnecessary, excessive or unreasonable, and thereby deprived Plaintiff of rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States.

61.    Plaintiff has a constitutional right to be free from an unreasonable seizure of her person, made without probable cause.  Defendants deprived Plaintiff of rights, privileges, and immunities secured to her by the Fourth and/ or Fourteenth Amendments to the Constitution of the United States by, *inter alia*, subjecting Plaintiff to an unlawful search and seizure of her person, causing her to be handcuffed and unlawfully detained at gunpoint.

62.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in a sum to be proved at trial.

63.    Due to the conduct of  Defendants, and each of them, Plaintiff  has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

64.    The individual defendants acted with a conscious disregard of Plaintiff's rights conferred upon her by Section 1983, Title 42 of the United States Code, the First, Fourth and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentionally causing her injury and unlawfully detaining her at gunpoint.  Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants.

## THIRD CAUSE OF ACTION

### (Violation of Civil Rights- *Monell* Claim)

(Plaintiffs against Defendants City of Pleasanton and Pleasanton Police Department)

65.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

66.    Plaintiffs bring this claim for relief in their capacities as the successors-in-interest and personal representatives of the decedent John Deming Jr.

COMPLAINT FOR DAMAGES

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

67.     Defendants knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

68.     Specifically, the City of Pleasanton permits its officers to unlawfully turn off their bodycam and/or delete bodycam evidence.  Further, the City of Pleasanton maintains a policy of approving lateral transfers of officers into its Department, such as Office Kunkel, who are not qualified and not emotionally stable for the requirements and demands of the job.

69.     Further, the City of Pleasanton maintains an unlawful policy of obtaining improper warrants, and engaging in improper searches and seizures of individuals, such as Decedent John Jr., to reverse engineer inflammatory accusations to attempt to justify the Department's unlawful conduct.

70.     These systematic and systemic unlawful policies within the Department are evidenced within the internal affairs OIS investigation report, the conduct by the Chief of Police and City Public Relations Officials.  The illegal and unlawful polices herein are approved at the highest levels within the Pleasanton Police Department.

71.     Further, these policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the use of excessive force, the express and/or tacit encouragement of excessive force, the ratification of police misconduct, the failure to conduct adequate unbiased investigations of police misconduct such that future violations do not occur.

72.     Plaintiffs are informed and believe, and thereon allege, that the customs and policies were the moving force behind the violations of Plaintiffs' and Decedent's rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the City of Pleasanton is liable for all of the injuries sustained by Decedent and Plaintiffs as set forth above.

73.     As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

2       74.    Due to the conduct of Defendants, and each of them, Plaintiffs have been

3   required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to 42

4   U.S.C. § 1988 are entitled to recovery of said fees.

5   **FOURTH CAUSE OF ACTION**

6   (Violation of Civil Rights 42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiffs to a

7   Familial Relationship with the Decedent)

8   (Plaintiffs against Defendants Kunkel, Gora, Sheldon, Paulson, Palmquist, Bennett,

9   and DOES 1 through 50, inclusive)

10       75.    Plaintiffs reallege and incorporate by reference the allegations contained in the

11   preceding paragraphs of this Complaint, as though fully set forth herein.

12       76.    Defendants, acting under color of state law, deprived Plaintiffs of their right to

13   a familial relationship without due process of law by Defendants' use of unjustified force,

14   causing injuries which resulted in the decedent's death, all without provocation, all in

15   violation of rights, privileges, and immunities secured by the First and Fourteenth

16   Amendments to the United States Constitution.

17       77.    As a result of the foregoing wrongful acts of Defendants, and each of them,

18   Plaintiffs sustained general damages, including grief, emotional distress and pain and

19   suffering and loss of comfort and society, and special damages, including loss of support, in

20   an amount in accordance with proof.

21       78.    In doing the foregoing wrongful acts, Defendants, and each of them, acted in

22   reckless and callous disregard for the Constitutional rights of Plaintiffs when they killed John

23   Jr. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious,

24   thus warranting the award of punitive damages against each individual defendant in an

25   amount adequate to punish the wrongdoers and deter future misconduct.

26       79.    As further damage, Plaintiffs have and will incur attorneys' fees and pursuant

27   to 42 U.S.C. § 1988 are entitled to recover costs and fees in pursuing rights for a violation of

28   42 U.S.C. § 1983.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**FIFTH CAUSE OF ACTION**

(Violation of Civil Rights for 42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiff to

Familial Relationship with the Decedent- *Monell*)

(Plaintiffs against Defendants City of Pleasanton and Pleasanton Police Department)

80.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

81.     Defendants, City of Pleasanton, knowingly and with gross negligence, maintained and permitted official policies and customs which allow the occurrence of the types of wrongs set forth hereinabove and below, all in deliberate indifference to the Constitutional rights of citizens.

82.     Defendants, City of Pleasanton, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.  Specifically, the City of Pleasanton permits its officers to unlawfully turn off their bodycam and/or delete bodycam evidence.

83.     Further, the City of Pleasanton maintains a police of approving transfers of officers not qualified and not emotionally stable for the requirements and demands of the job.

84.     Further, the City of Pleasanton maintains an unlawful policy of obtaining improper warrants, and engaging in improper searches and seizures of individuals, such as John Jr., to reverse engineer inflammatory accusations to attempt to justify its unlawful conduct.

85.     These systematic and systemic unlawful policies are evidenced the internal affairs OIS investigation report, the conduct by the Chief of Police and City Public Relations Officials.  The illegal and unlawful polices herein are approved at the highest levels within the Pleasanton Police Department.

86.     Further, these policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the use of excessive force,

- 13 -
COMPLAINT FOR DAMAGES

1  the express and/or tacit encouragement of excessive force, the ratification of police
2  misconduct, the failure to conduct adequate unbiased investigations of police misconduct
3  such that future violations do not occur.

4      87.    Plaintiffs are informed and believe, and thereon allege, that the customs and
5  policies were the moving force behind the violations of Plaintiffs' and Decedent's rights.
6  Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the
7  City of Pleasanton.

8      88.    As a proximate result of the foregoing wrongful acts of defendants, and each
9  of them, the decedent sustained general damages, including pain and suffering, and a loss of
10  the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

11      89.    Due to the conduct of Defendants, and each of them, Plaintiffs have been
12  required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to 42
13  U.S.C. § 1988 are entitled to recovery of said fees.

14      90.    In acting as alleged herein, Defendants, and each of them, caused John Jr.'s
15  demise and the resulting loss to Plaintiffs, thereby causing Plaintiffs to suffer general and
16  consequential damages in an amount to be determined at the time of trial.

17      91.    Due to the conduct of Defendants, and each of them. Plaintiffs have been
18  required to incur attorneys' fees and will continue to incur attorneys' fees. and pursuant to 42
19  U.S.C. § 1988 are entitled to recovery of said fees.

20                        **SIXTH CAUSE OF ACTION**
21                        (Violation of Civil Code §52.1)
22                        (Plaintiffs against all Defendants)

23      92.    Plaintiffs reallege and incorporate by reference the allegations contained in the
24  preceding paragraphs of this complaint, as though fully set forth herein.

25      93.    Defendants, acting within the scope of their duties as City of Pleasanton
26  employees, caused the death of John Jr.

27      94.    Defendant City of Pleasanton is hereby liable for the acts, omissions and
28  conduct of its employees, including Defendants herein, whose negligent conduct was a cause

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    in the death of the decedent, pursuant to California Government Code §815.2.

2        95.    Plaintiffs filed a timely claim pursuant to California Government Code §910 *et.*

3    *seq.* Those claims having been rejected within the past six months, this action is timely.

4        96.    Plaintiffs are the proper party with standing as successors-in-interest and on

5    behalf of the decedent pursue the claims of the decedent based on a violation of his rights.

6        97.    The conduct of Defendants constituted interference by threats, intimidation, or

7    coercion, or attempted interference, with the exercise of enjoyment by decedent John Jr. of

8    rights secured by the Constitution of laws of the United States, or secured by the Constitution

9    or laws of the State of California, including interference with decedent's rights to be secure

10   in his person and free from the use of excessive force under the Fourth Amendment and Cal.

11   Const. Art. 1 sec. 13 as well as Cal. Civ.Code § 43, and the right of protection from bodily

12   restraint and harm.

13       98.    As a direct cause of Defendants' conduct, the decedent's rights pursuant to

14   California Civil Code §52.1 were violated, causing injuries and damages in an amount to be

15   proved at the time of trial.

16       99.    Due to the conduct of Defendants, and each of them, Plaintiffs have been

17   required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to

18   California Civil Code § 52.1 are entitled to recovery of said fees.

19                          **SEVENTH CAUSE OF ACTION**

20                           (Negligence—Wrongful Death)

21                        (Plaintiffs against all Defendants)

22       100.   Plaintiff realleges and incorporates by reference the allegations contained in

23   the preceding paragraphs of this complaint, as though fully set forth herein.

24       101.   Defendants acting within the scope of their duties as City of Pleasanton

25   employees, caused the death of John Jr.

26       102.   Defendant City of Pleasanton is hereby liable for the acts, omissions and

27   conduct of its employees, including Defendants herein, whose negligent conduct was a cause

28   in the death of the decedent, pursuant to California Government Code §815.2.

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    103. Plaintiffs filed a timely claim pursuant to California Government Code §910 *et.*

2 *seq.* Those claims having been rejected within the past six months, this action is timely.

3    104. Plaintiffs are the proper party with standing pursuant to Cal. Civ. Proc. Code §

4 377.60 and hereby pursues their remedies for wrongful death against Defendants, and each

5 of them, including pecuniary loss and other compensable injuries resulting from the loss of

6 the society, comfort, attention, services, and support of the decedent.

7    105. Decedent was a loving teenager and his loss has and will continue to cause

8 great and severe damages to his parents, the Plaintiffs in this action, all in an amount

9 according to proof at the time of trial.

10    106. As a further direct result of the acts, omissions, negligence conduct and/or

11 reckless disregard for the safety of decedent, Defendants, and each of them, Plaintiffs have

12 incurred funeral and burial expenses, and other costs, in an amount according to proof at the

13 time of trial.

26 ///

27 ///

28 ///

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    WHEREFORE, Plaintiffs prays for judgment as follows:

2        1.    For general damages in an amount to be determined by proof at trial;

3        2.    For special damages in an amount to be determined by proof at trial;

4        3.    For punitive and exemplary damages against the individual defendants.

5        4.    For costs of suit;

6        5.    For reasonable attorneys' fees and costs as provided by statute; and

7        6.    For such other and further relief as the Court deems just and proper.

8

9

10

11   DATED: April 4, 2016                              GERAGOS & GERAGOS, APC

12

13                                         By:
                                               MARK J. GERAGOS
14                                             BEN J. MEISELAS
                                               ZACK MULJAT
15

16

17

18

19

20                            **DEMAND FOR JURY TRIAL**

21       Plaintiffs hereby demand a jury trial.

22

23

24   DATED: April 4, 2016                              GERAGOS & GERAGOS, APC

25

26                                         By:
                                               MARK J. GERAGOS
27                                             BEN J. MEISELAS
                                               ZACK MULJAT
28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 17 -

COMPLAINT FOR DAMAGES

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Mark J. Geragos (SBN 108325); Ben J. Meiselas (SBN 277412)
GERAGOS & GERAGOS, APC
644 S. Figueroa Street
Los Angeles, California 90017-3411
TELEPHONE NO. (213) 625-3900    FAX NO. (213) 232-3255
ATTORNEY FOR *(Name):* Plaintiffs The Estate of John Deming, Jr., et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS 1225 Fallon Street
MAILING ADDRESS 1225 Fallon Street
CITY AND ZIP CODE Oakland, California 94612
BRANCH NAME René C. Davidson Courthouse

CASE NAME:
The Estate of John Deming, Jr., et al. v. City of Pleasanton, et al.

FOR COURT USE ONLY

E N D O R S E D
F I L E D
ALAMEDA COUNTY

APR 04 2016

CLERK OF THE SUPERIOR COURT
By  MARISOL DIAZ
Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG16810047 |
|---|---|---|
| ☑ Unlimited   ☐ Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2016
Ben J. Meiselas
_____         _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

BY FAX

COPY

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Deming, et al. v. City of Pleasanton, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

|  |  |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|  | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

**BY FAX**

| Category | Type | | Code | Description |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI / PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [X] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13